# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-CR-68-TLS |
| | ) | |
| PATRICK O'QUINN | ) | |

## OPINION AND ORDER

The Defendant, Patrick O'Quinn, filed a Motion to Terminate Supervised Release After Completion of One-Year of Supervision Pursuant to 18 U.S.C. § 3583(e)(1) [ECF No. 71] on August 6, 2018. The Defendant's Motion is a request for early termination of supervised release, as the Court sentenced him to 48 months of supervised release. In accordance with this Court's directive, the probation officer filed a supervision report [ECF No. 37]. For the reasons set forth in this Opinion and Order, the Court it is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and thus will not terminate the Defendant's term of supervised release.

## BACKGROUND

The Defendant pled guilty to distributing more than five grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On April 11, 2013, the Court sentenced the Defendant to 60 months imprisonment and 48 months of supervised release. The Defendant completed his prison sentence and began the term of supervised release on February 18, 2016. Since that time, the probation officer has filed a noncompliance summary on March 30, 2016 [ECF No. 65] because the Defendant was arrested for driving while suspended and tested positive for synthetic marijuana and/or cocaine on three different dates; filed a request to add location monitoring as a

condition of supervision on May 23, 2017 [ECF No. 67] because the Defendant tested positive for marijuana and/or cocaine on four different dates; and filed a noncompliance summary on June 8, 2017 [ECF No. 69] because the Defendant lost his housing and would not be able to comply with the location monitoring condition. The supervising officer indicated that he would increase contacts and meet with the Defendant weekly during the pendency of his modification order. The officer would also work with the Defendant to obtain suitable housing, which was anticipated for on or about July 1, 2017, at which time the Defendant would begin the Location Monitoring Program.

There were no further filings until the Defendant filed his Motion on August 6, 2018. However, according to the probation officer's report filed in response to the Court's directive, the Defendant failed to appear for an initial hearing for driving while suspended charges in state court, and a warrant has been issued. Additionally, the officer conducted a home contact at the Defendant's residence on August 29, 2018, and the Defendant preliminary tested positive for marijuana, which the Defendant admitted to smoking recently. The Defendant has maintained employment.

The supervising probation officer does not recommend that the Court grant the Defendant's Motion to Terminate Supervised Release.

## DISCUSSION

The Defendant's motion to terminate supervised release is based on 18 U.S.C. § 3583(e)(1), which allows a district court to grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and if, after the court

considers certain factors in 18 U.S.C. § 3553(a), it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). A court need not make explicit findings as to each of the § 3553(a) factors, but the record must reveal that the court gave consideration to the factors. *Lowe*, 632 F.3d at 998 (citing *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005), *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997), and *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003)). "[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

The Defendant maintains that early termination is warranted because he has adhered to all the conditions of his supervised release, and is maintaining a responsible, productive lifestyle. Although the Defendant has maintained employment, he has not been compliant with all the conditions of supervision for an entire year, as evidenced by the continued use of marijuana as recently as late August 2018. Moreover, the Court finds that the Defendant's past conduct while on supervision necessitates a certain level of scrutiny and oversight to ensure that he continues to engage in productive activity and to avoid conduct that is particularly risky to him, such as drug use. To the degree the Defendant has been compliant, it is unclear whether that should be attributed to the Defendant's self-discipline as opposed to the diligent efforts of his probation officer. The request for early termination appears, to the Court, to be borne out the Defendant's desire for less accountability than it does any compelling proof that monitoring is no longer necessary for deterrence purposes. The Defendant has made no showing that continued supervision would hinder his rehabilitation, or impose on him any undue hardship. The Court

finds that the interests of justice would not be served by discharging this Defendant from the obligations that are imposed on him through supervised release. If the Defendant's circumstances change before the expiration of the term of supervised release, he may renew his request.

**CONCLUSION**

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE the Defendant's Motion to Terminate Supervised Release [ECF No. 71].

SO ORDERED on October 9, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT